STENNETT et al., ADM'RS, v. HALL et al.

HALL et al. v. STENNETT et al.

1. **Will**: DISINHERITING HEIR. Ever since the enactment of the Code of 1851, a testator in this state has had the right to dispose of his property by will as he pleased, and an heir to whom nothing is devised takes nothing.

2. ———— : INTERPRETATION : BEQUEST TO ONE DECEASED. The will in question, among other bequests, made the following: " (3) To my son W. forty-five dollars in excess of an equal share ; said forty-five dollars is to taken E.'s share. ' (4) To my daughter E. fifty dollars, forty-five dollars of which is to go to W. for marble head-stone, she having had consideration in advance." E. was dead when the will was made, and the testator knew that fact. Held that the bequest to her was void, and that the amount thereof was to be distributed to the other heirs, except the sum of forty-five dollars, which sum W. was to expend for a head-stone for E.

*Appeals from Montgomery District Court.*—HON. GEO. CARSON, Judge.

FILED, MARCH 12, 1888.

ACTIONS wherein plaintiffs pray for decrees construing a will. In each case they appeal.

*Smith McPherson*, for appellants.

*C. E. Richards*, for appellees.

Stennett v. Hall.

BECK, J.—The following will was admitted to probate:

Villisca, Iowa, September 23, 1880.

"I, Daniel Stennett, of Montgomery county, Iowa, being of sound mind and memory, do make, ordain and declare this instrument to be my will: (1) All just debts and burial expenses to be paid. (2) I bequeath and devise all my personal and real property as follows: (3) To my son, Wayne Stennett, forty-five dollars in excess of an equal share; said forty-five dollars is to taken Emma Hall's share. (4) To my daughter, Emma Hall, fifty dollars, forty-five of which is to go to Wayne Stennett for marble head-stone, she having had consideration in advance. (5) To my daughter, Eliza Harlan, an equal share, less one hundred and fifty dollars. (6) To my son, Charles Stennett, an equal share, less one hundred dollars. (7) To my son, Hugh Stennett, an equal share, less four hundred dollars. (8) To my daughter, Nancy Becknell, an equal share. (9) To my son, J. P. Stennett, an equal share, less sixty dollars. (10) To my daughter, Elizabeth Dinwiddie, an equal share. (11) I appoint Wayne and J. P. Stennett, of Montgomery county, Iowa, farmers, executors of this will. In witness whereof I have signed and sealed and published, and declare this instrument or will, at Villisca, Montgomery county, Iowa, this twenty-third September, A. D. 1880.

DANIEL STENNETT. [Seal.]"

The cases were submitted together, without other evidence than the following agreed statement of facts: "In lieu of all other evidence the following agreement is made of record, and no other evidence is competent or admissible, and the following facts are agreed to be used in evidence in each and both of said cases aforesaid: (1) Daniel Stennett died at Villisca, Montgomery county, Iowa, on the ——— day of May, 1886, and for many years preceding his death resided in said county. (2) The wife of Daniel Stennett died many years prior to death of Daniel Stennett, and he did not remarry.

(3) Said Daniel Stennett left surviving him as his only heirs living the following children: Wayne, J. P., Charles and Hugh L. Stennett, and Nancy Becknell, Eliza Harlan and E. Dinwiddie, all parties to said actions aforesaid. The said D. Stennett also at one time had a daughter by name of Emma Hall, who died several years prior to the death of said D. Stennett. At one time the said Emma Hall had been married. Prior to her death she was lawfully divorced from her husband, and never remarried. She had one child and heir, and no other children, viz., E. L. Hall, a party to said actions aforesaid. (4) On the —— day of May, 1880, said Daniel Stennett made his last will and testament, a copy of which is annexed to each of the petitions in said actions, which is made a part hereof; the original and record thereof is waived. Said will was duly and legally admitted to probate by the circuit court of said county, June 22, 1886, and duly recorded. (5) At time of making said will said Emma Hall was dead, and was then known by said D. Stennett to be dead; and said D. Stennett died seized in fee-simple or the owner of said real estate in suit, or of personal estate."

The district court entered the following findings and decree: "(1) That the clause in said will of Daniel Stennett, deceased, relating to and granting a bequest to Emma Hall, is void. (2) The court finds that said bequest to Emma Hall was made after decease of said legatee; and the court finds that said bequest was disposed of, except the sum of five dollars in the bequest to W. Stennett; the sum of twenty-five dollars thereof having been appropriated by said testator for a monument for said deceased daughter, Emma Hall, legatee in said will. The court orders the executors to proceed as follows: To the children, share and share alike, subject to the limitations contained in the will; and that said sum of twenty-five dollars appropriated to Wayne Stennett be appropriated as in said will directed for monument for said Emma Hall; and that the sum of five dollars included in said legacy to Emma Hall be disbursed with the proceeds of the estate in seven

shares, share and share alike; and the executors wil
pay the costs of this proceeding and make due report.''

II.   Counsel on both sides admit, or at least do not
deny, that the bequest in the fourth clause of the
will is, under the facts, void. The court below
found that, regarding it as a bequest to the
legatee named, it is void, but as a direction
to apply the sum mentioned in the clause to the pur-
chase of a marble head-stone it is valid. We are not
called upon to consider the question of the validity of
the fourth clause; its invalidity being admitted.

III.   But counsel for plaintiffs insist that, as it is
shown that an heir of the testator is not provided for in
1. WILL: disin-  the will, he will take such share of the estate
heriting heir.   as he would have been entitled to had no will
existed, on the ground that the law will not permit an
heir to be disinherited, except upon an express declara-
tion or necessary implication to that effect, so that the
contrary cannot be supposed. Counsel insist that this
is the rule of the common law, and has been recognized
by this court in *Lorieux v. Keller*, 5 Iowa, 196, and
*Negus v. Negus*, 46 Iowa, 487. We need not inquire as
to the rule of the common law, for, as we shall see, a
statute of this state is to be regarded as establishing the
contrary rule. We are quite sure that the cases named
do not support counsel's position. Indeed, we have
never before seen them cited as having that effect. In
the early history of the state a statute established the
rule. See Revision 1843 (Blue Book), p. 670, sec. 19.
The provision was not reënacted by the Code of 1851,
but was repealed therein by section 1277, which is in
this language: ''Any person of full age and sound mind
may dispose by will of all his property, except what is
sufficient to pay his debts, or what is allowed as a home-
stead, or otherwise given by law as privileged property,
to his wife and family.'' This provision was reënacted
in the Revision of 1860, and again in the Code of 1873.
It has not been changed by any subsequent enactment.
Its language, in authorizing a disposition by will of all

the property of the testator, confers the power to with-hold from an heir a bequest or devise of any property, and thus wholly disinherit him. Such being the statute, the heir complaining in this case has no remedy.

IV. We are of the opinion that the fourth clause of the will expresses the intention that the sum of forty-five dollars be used by Wayne Stennett, an heir and one of the executors, to erect a head-stone at the grave of testator's deceased daughter. The decree of the district court in this regard is correct. It, however, erroneously, though doubtless, mistakingly, names twenty-five dollars instead of forty-five dollars, as the sum to be used.

*2. ——: interpretation: bequest to one deceased.*

Other provisions of the decree are not complained of by plaintiffs. It is, therefore, in every particular

AFFIRMED.