## McCUNE v. UNITED STATES.
### No. 6027.

Circuit Court of Appeals, Sixth Circuit.
March 11, 1932.

R. H. McNeill, of Washington, D. C. (Nunn & Waller, of Paducah, Ky., on the brief), for appellant.

Frank A. Ropke, of Louisville, Ky., and Thomas E. Walsh, of Washington, D. C. (T. J. Sparks, of Louisville, Ky., on the brief), for appellee.

Before HICKS and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKENLOOPER, Circuit Judge.

Appellant's intestate enlisted in the United States Navy on May 7, 1919, and a policy of war risk insurance was then issued to him. On July 21, 1921, while the insured was still in the service and the policy of insurance in force, and apparently while his ship, the Rochester, was in port at Newport, R. I., he simply disappeared, and has not since been heard from. The case differs from that of Equitable Life Assur. Soc. v. Sieg, 53 F.(2d) 318 (C. C. A. 6), in that here the policy was permitted to lapse for nonpayment of premiums. Seven years of unexplained absence, without tidings, having expired, this action is brought to recover the face of the policy upon the assumption that death had occurred while it was still in force.

█ Under the terms of the policy it was necessary that the plaintiff, in order to recover, establish the fact of death of the insured before lapse of the policy; that is, prior to August 20, 1921. If, to prove this fact, the plaintiff relies upon the presumption of death arising from seven years' unexplained absence, without tidings, and seeks further to show that such death should be presumed to have occurred during the first month of the absence, she must, under the doctrine of Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086, offer evidence that the insured "encountered some specific peril, or came within the range of some impending or imminent danger which might reasonably be expected to destroy life," or other evidence from which the fact of death during the life of the policy might reasonably be inferred. The plaintiff below has offered no such evidence, but contents herself with reliance upon the presumption of innocence of the crime of desertion. In so doing we think, as did the court below, that the plaintiff has failed to offer substantial evidence to sustain the burden of proof resting upon her. U. S. v. Robertson, 44 F.(2d) 317 (C. C. A. 9). Her case is much weaker than that of the plaintiff in English v. U. S., 25 F.(2d) 335 (D. C., Md.), and yet even there the evidence was held insufficient. In U. S. v. O'Brien, 51 F.(2d) 37 (C. C. A. 4), there was proof of suicide notes, of mental depression, and financial embarrassment, and this proof was held sufficient to take the case to the jury. In the present case there is no such proof.

Under the doctrine of Davie v. Briggs no presumption of death at any specified time prior to the expiration of the seven years arises without some proof of the character above referred to. The question is not whether the insured is *now* to be presumed to be dead, but whether there is any substantial evidence tending to establish his death prior to August 20, 1921. Unless the cause of action accrued prior to that date, the plaintiff cannot now recover, and the court must search the record for some substantial evidence tending to establish death before that time. Lacking such evidence, the presumption of death is ineffective or nonexistent.

Nor do we regard the presumption of innocence of the crime of desertion as the equivalent of substantial evidence of death, or of facts from which death may be inferred, in a case in which the issue of desertion, or of innocence of that crime, is but collaterally involved. Many situations consistent both with innocence and with continued life of the insured beyond the critical date may reasonably be imagined. But, even if given some evidential force, the presumption of innocence would, in our opinion, constitute but a scintilla of evidence of death, and this is not enough. Nor can there be a question of conflicting presumptions where the defendant places no reliance upon the presumption of continuing life, but rests its case upon the claim of complete failure of proof of death during the life of the policy.

█ Plaintiff also urges that, inasmuch as evidence of the existence or nonexistence of specific peril or impending imminent danger was within the knowledge and control of the defendant, and was not offered, it will be presumed that such evidence, had it been offered, would have been unfavorable to the defendant. Plaintiff thus concludes that the withholding of evidence upon this point is to be accepted as the equivalent of affirmative evidence of the existence of such dangers and peril. This is obviously a non sequitur. The initial burden of proof was upon the plaintiff, and the evidence was equally available to her through interrogatories or depositions. From the proofs offered the inference is simply that the insured went ashore and did not return. This, as we have said, does not constitute substantial evidence of death during the life of the policy, certainly not such conclusive evidence as would preclude the trier of the facts, whether jury or the court, from

finding a failure of proof, as was done in the present case.

Affirmed.