### MASSACHUSETTS BONDING & INS. CO. v. HOLMAN, State Treasurer, et al.

### No. 6747.

Circuit Court of Appeals, Ninth Circuit.

Jan. 16, 1933.

James L. Conley and A. G. Fletcher, both of Portland, Or., for appellant.

I. H. Van Winkle, Atty. Gen., and H. T. Botts, of Tillamook, Or., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

From a decree denying to appellant the right of any portion of $5,000, sought as assignee of a claim of the residuary legatee, appellant seeks reversal.

In its petition, the appellant alleges that August 10, 1923, Phillip J. Worrall, the testator, died, leaving an estate; that prior to his death he executed his last will, by the terms of which he bequeathed to his son William $5,000, and all the rest and residue of his property to his son Fred; that on August 23, 1923, the will was duly probated; that on

February 4, 1924, the probate court made an order that the legacy to William be paid; that he has failed to apply for it; that on April 5, 1927, Fred, as residuary legatee, for value, transferred his interest and equity accrued or to accrue, present or future, to appellant; that on May 20, 1927, the probate court, after due hearing, directed the administrator with the will annexed to "deliver forthwith" to the county treasurer of the county the $5,000 legacy of the son William, pursuant to section 1303, Oregon Laws; that the sum was accordingly paid on September 12 following; that in August, 1929, the county treasurer paid the sum to the state treasurer, who now has it, and ten years have not since elapsed; that the petitioner is the "legal owner" of said sum by reason of the following facts: "That William Worrall left his wife and minor son in Port Au Prince, Haiti, during the month of September, 1921, and later wrote several letters to her, the last letter received by her having been mailed in April, 1922, from Morris, Oklahoma, that said William Worrall has not been heard from since that time, and his relations with his wife were such that had he been living he would certainly have written to her; petitioner has made diligent search and inquiry among the relatives and friends of the said William Worrall and at his last known place of residence and where he was last known by petitioner to be alive, and petitioner has exhausted all sources of information which the circumstances suggested to it, or which were capable of investigation by petitioner and the agencies at its command, and the petitioner and the said wife and minor son have alike received no tidings of or concerning said William Worrall for more than seven years, to-wit: from the date upon which the letter of April, 1922, was received from him by his wife until the present time. That plaintiff has been informed and believes and therefore alleges as a fact that said William Worrall died on or about April, 1922, and thereby died before the execution of said will and predeceased the said testator Phillip J. Worrall; that by reason thereof the said sum of $5,000.00 is part of the residuary estate created by the last will and testament of Phillip J. Worrall, deceased, and petitioner, as the owner thereof, is entitled thereto."

To these allegations the state treasurer and the state land board admit substantially all, except that William Worrall died on or about April, 1922, which they deny; and, further answering, say that William Worrall was married to Clotilde Worrall in the year 1920, and that there was born to them in lawful wedlock a son named Jacques J. Worrall, who was born in the year 1921, and that he has since been and is now alive.

In the amended reply the petitioner admits the marriage and the birth of Jacques J. Worrall in 1921, and that he is alive.

The defendants moved, upon the complaint and the record, for decree that petitioner has no right to any portion of the sum of $5,000 which it seeks in this proceeding. Decree was accordingly entered denying any right of the petitioner in and to the legacy. The facts are thus fully stated to show that the sole issue is the death of William Worrall by absence of seven years.

The statement "that plaintiff has been informed and believes, and therefore alleges as a fact that said William J. Worrall died on or about April, 1922, and thereby died before the execution of said will and predeceased the said testator, * * *" following the statement or enumeration of specific instances and facts of absence, is of no probative value; it states no fact, and is controlled by the general preceding statement. There are no words challenging the thought to any other meaning than the preceding statement of specific facts or claim of death, other than absence for seven years. And the answer emphasized the facts by repeating the preceding statement of specific facts, and alleging marriage and birth of a child, and this is admitted by the reply. Hence we have uncontroverted the fact that William Worrall was married and had a son born to him prior to April, 1922; that the son was alive at the testator's death; that William Worrall has not been seen or heard of or from since April, 1922, although diligent search has been made. There is nothing to suggest death, except absence, in the record or in argument. The issue of death by absence for seven years is clearly tendered, and absence since April, 1922, admitted.

The motion for judgment is the proper procedure. The ultimate fact to be determined is death by absence, which is admitted. The District Court was right in considering the motion as the proper procedure; it was likewise right in decreeing, on the record, that petitioner take nothing. The petitioner presented the case to the court upon the provisions of the Oregon statute, which provides that an estate may be claimed by the owner at any time within ten years from the date of forfeiture, and predicated his claim on section 10-510, Oregon Code Annotated: "When any estate shall be devised to any child, grandchild, or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such de-

scendants shall take the estate, real and personal, as such devisee would have done in case he had survived the testator."

The petitioner waived aside the time death is presumed and assumed it to be when last heard from, and contended that this section applies, and, being in derogation of the common law, must be strictly construed, that the words "shall die" must be construed as legislative intent to prevent lapsing of legacy subsequent to the testator's death, and cites the following authorities: In re Matthews' Estate, 176 Cal. 576, 169 P. 233; Billingsley v. Tongue, 9 Md. 575; Lindsay v. Pleasants, 39 N. C. 320; Pegues v. Pegues, 11 Rich. Eq. (32 S. C. Eq.) 554.

The appellee met the contention of appellant, admitting that, under the common law, bequest made to a dead person is void, but, by virtue of the remedial section above cited, plaintiff cannot recover, and also that while a statute, being in derogation of the common law, must be strictly construed, asserts, this, being a remedial statute, must receive liberal construction, Pimel v. Betjemann, 183 N. Y. 194, 76 N. E. 157, 2 L. R. A. (N. S.) 580, 5 Ann. Cas. 239; In re Hutton's Estate, 106 Wash. 578, 180 P. 882, 3 A. L. R. 1673; Barnes v. Huson, 60 Barb. (N. Y.) 598; Todd v. Gambrill, 15 Del. Ch. 342, 138 A. 167; and must be held to mean "before or after" the death of the testator. The court followed the parties and entered a decree for defendants.

█ This statute has not been construed by the court of the state, and the issue being clearly presented upon the face of the record, that the only claim of death is absence for seven years, beginning April, 1922, and in view of the fact that all acts, statements, incidents, etc., with relation to absence and silence during the seven-year period were material and necessarily pleaded, being the essence of the issue and the only basis to support evidentiary matter having relation to absence, silence, and inquiry, and William Worrall being alive, the presumption is that he continues to live until his death is established by satisfactory proof, or expiration of the period of limitation from absence, or being not heard from for more than seven years, and therefore dead by presumption of law. The presumption of life changed at the close of the last day of the seven-year period, and the presumption at this time arises that he is dead, and obviously William Worrall was alive at the testator's death, and, having a son and heir living, the legacy falls within the provision of the Oregon law, supra.

██ It is not necessary to examine the Oregon statute, as the view we take upon the other point is decisive. The inquiry by us is whether equity was done by the decree, and this will depend on the allegations and admissions in the record, not upon the reason given for decree. Still v. Saunders, 8 Cal. 281, at page 287. And we may reverse or affirm the decree upon the record upon any legal ground within the issues presented appealing to reason. In re Antigo Screen Door Co. (C. C. A.) 123 F. 249; see, also, Shull v. Boyd, 251 Mo. 452, 158 S. W. 313. In Weedin v. Mon Hin (C. C. A.) 4 F.(2d) 533, at page 534, Judge Gilbert, with whom sat Judges Hunt and Rudkin, said: "In disposing of the question of the appellee's right to enter the United States we are not confined to a consideration of the grounds on which he was excluded; * * * we may properly advert to other ground on which as matter of law that conclusion would follow."

In Ng Suey Hi v. Weedin (C. C. A.) 21 F.(2d) 801, Judge Rudkin, with whom sat Judges Hunt and Dietrich, in referring to the basic ground of the order appealed from, said: "But we do not find it necessary to base our decision on that ground."

Chief Judge Cranch, in Moffit v. Varden, 5 Cranch C. C. 658, 17 Fed. Cas. 561, No. 9,689, held that "the presumption of death arises if seven years have elapsed since the party has been heard of"; and Mr. Justice Field, as Circuit Justice, in Montgomery v. Bevans et al., 1 Sawy. 653, 17 Fed. Cas. 628, at page 633, No. 9,735 said, "Here, as in England, the law presumes that a person who has not been heard of for seven years is dead, but here the law, differing in this respect from the law of England, presumes that a party once shown to be alive continues alive until his death is proved, or the rule of law applies by which death is presumed to have occurred, that is, at the end of seven years."

The Supreme Court, in Davie v. Briggs, 97 U. S. 628, 633, 24 L. Ed. 1086, Justice Harlan for the court, said: "The general rule undoubtedly is, that 'a person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death.' "

This court in Territory of Alaska v. First Nat. Bank of Fairbanks, 41 F.(2d) 186, 188, said: "Upon the proof of absence for the statutory period the presumption of death arises."

In United States v. Robertson (C. C. A.) 44 F.(2d) 317, at page 320, the court said: "It is thoroughly established after a disappearance of seven years a presumption of death arises." See, also, State Life Ins. Co. v. Sullivan (C. C. A.) 58 F.(2d) 741, 743; McCune v. United States (C. C. A.) 56 F. (2d) 572; Browne v. New York Life Ins. Co. (C. C. A.) 57 F.(2d) 62.

The record is distinct, the facts are clear, and the law is decisive. The decree is right, and is affirmed.

WILBUR, Circuit Judge (concurring). I concur in the order of affirmance. The plaintiff (appellant) predicated its right to the legacy in question upon the ground that the legatee died before the death of the testator. As I understand the law, it became necessary for it to establish that fact notwithstanding the presumption of death arising from an unexplained absence for over seven years. The rule in that regard is quoted with approval by the Supreme Court from Taylor's Treatise on the Law of Evidence (1st Ed.) § 157, as follows: " * * * If anyone has to establish the precise period during those seven years at which such person died he must do so by evidence, and can neither rely, on the one hand, on the presumption of death, nor on the other, upon the presumption of the continuance of life."

This decision participated in by Justice Field, who was then a member of the Supreme Court, is at variance with his decision rendered as Circuit Judge quoted in the main opinion. Montgomery v. Bevans, 17 Fed. Cas. 628, No. 9,735. There Judge Field held that there was a prima facie presumption that a man who disappeared was alive at the time of the grant made to him by the alcalde at a date within the seven-year period after his disappearance. As Judge Field, however, held that the presumption of life was overcome by evidence in the case, his conclusion that there was a prima facie showing that the grantee was alive at the date of the grant was not controlling in the case. I do not wish, therefore, to be understood as accepting the doctrine laid down by Judge Field in Montgomery v. Bevans, supra, in view of his later repudiation of that doctrine in Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086.

The opinion of Chief Judge Cranch of the Circuit Court of the District of Columbia (Moffitt v. Varden, 17 Fed. Cas. 561, No. 9,689), cited in the opinion of the majority, was not concurred in by either of his two associates, and therefore not the opinion of the court. The entire sentence from which the excerpt in the opinion is quoted is as follows: "In analogy to the statute of bigamy, the presumption of death arises if seven years have elapsed since the party has been heard of; so that it may be presumed that he died in the beginning of the year 1827." (The party had not been heard of since 1820.)

However, the Supreme Court of Oregon, in Arden v. United Artisans, 124 Or. 225, 233, 264 P. 373, 375, without any discussion of the subject, stated the rule to be as follows: "But there is another presumption that, having been alive on the 1st of October, he might have been alive every day until the 7 years had expired, unless there is some testimony tending to indicate an approximately earlier date of death."

That statement is not particularly persuasive in view of the fact that the court held the evidence sufficient to show that the death occurred about the time of the disappearance. Moreover, the burden of proof of the time of death in that case was upon the plaintiff.

I concur for the further reason that in my opinion the decree of distribution distributing the legacy to William was a conclusive determination of his right to a legacy and that the assignee of the residuary legatee cannot go behind that decree in this proceeding. State v. O'Day, 41 Or. 495, 69 P. 542; State v. Finnigan, 81 Or. 538, 160 P. 370.

One reason I do not concur in the main opinion is that I cannot agree with the construction placed upon the pleadings. The ultimate fact for determination is the question of the date of the death of William Worrall. I think the allegation that he died on or about April, 1922, is an allegation of the ultimate fact, and that the allegation of his disappearance is an allegation of evidentiary matter, but I agree with the conclusion of the majority that, in view of the attitude of the parties toward the pleadings and their position in this court, we are justified in the conclusion that the appellee relies exclusively upon the facts alleged in the petition to establish the ultimate fact of death.

I concur in the judgment of affirmance.