[Civ. No. 5686. Second Appellate District, Division Two.—July 6, 1927.]

In the Matter of the Estate of ELIZABETH CHURCHILL SPALDING, Deceased. JOHN R. MONTGOMERY, Appellant, v. M. C. CHAPMAN, Executor, etc., Respondent.

John Perry Wood for Appellant.

Eugene Daney and Eugene E. Trefethen for Respondent.

John J. Barrett, *Amicus Curiae.*

CRAIG, J.—This case comes before us upon a stipulated record. The trial court decreed that the codicil of April 12, 1921, was inoperative and of no effect, and ordered the issuance of letters testamentary to Union Trust Company and respondent Chapman, which was according to the direction of the testatrix, as stated in the will. The codicil was dated the same day as the will. It is admitted that it was holographic, and that it provided as follows: "I hereby make this codicil to my last will and testament April 12th, 1921. In consequence of the death of M. C. Chapman named as Executor and Trustee under said will, I hereby nominate, appoint and substitute John R. Montgomery in his Place and Stead as such Executor and Trustee, with the same power and authority by me conferred in my said Will upon M. C. Chapman as such Executor and Trustee and likewise without bonds." "Elizabeth Churchill Spalding."

The parties stipulated that upon the hearing for probate of the will and codicils the trial court took no evidence, and that none was offered, in support of the finding that the codicil above quoted was inoperative and of no effect, except to show that Chapman was alive at the time the first codicil was made and was one of the petitioners for the probate of the will. The findings recite, in part, as follows:

"The court further finds that both M. C. Chapman and John R. Montgomery were alive at the time of the making of each of the said instruments, and are alive at this time; that each is competent to act as executor or trustee, and that each consents to act as such. The evidence, however, that M. C. Chapman was alive when said instruments were executed was received over the objection of counsel for John R. Montgomery that such evidence was irrelevant, incompetent and immaterial, and an attempt to vary the terms of the will of said decedent.

"It is therefore ordered, adjudged and decreed that said instruments are and constitute the last will and testament of said decedent, and that the same be, and hereby are, admitted to probate as the last will and testament of said decedent, but that the holographic codicil dated April 12th, 1921, is inoperative and of no effect upon the ground and for the reason, solely and not otherwise, that said M. C. Chapman therein mentioned was, upon the date said codicil was made, and still is, living, and one of the petitioners

herein as aforesaid, and that said codicil by its terms is conditional on the death of M. C. Chapman.''

Appellant contends that under the foregoing codicil he should have been appointed executor of the estate of said deceased. Upon this appeal the finding above set forth is assailed, as is also the court's construction of the provision that ''In consequence of the death of M. C. Chapman . . . I hereby nominate, appoint and substitute John R. Montgomery in his place and stead,'' and this is the sole question presented for our determination.

██ It is argued by appellant that his appointment as executor was not made conditional upon the death of respondent, but that the language of the codicil is clear and unambiguous and that it merely states the reason or occasion for making it; also that the expression in controversy cannot be interpreted in the sense that appellant should be appointed ''in the event of the death of M. C. Chapman.'' Both sides agree that standing alone the expression ''In consequence of'' means because of, or by reason of, and this we will assume to be true. Although the testatrix said, by reason of the death of M. C. Chapman, etc., John R. Montgomery should be substituted, in that connection, using the words, ''I hereby nominate appoint and substitute John R. Montgomery,'' as we understand the import of this language she did not intend to state that Chapman's death had then occurred. In effect she merely provided that whenever his death might occur, if before the probating of the will and the taking effect of the other provisions therein contained in that behalf, Montgomery should be appointed executor in Chapman's place and stead. Such a consequence she directed should follow by reason of and as a result of the latter's death. But he had not died when the will was offered for probate, and so no occasion arose for putting into effect the codicil dated April 12, 1921. The will and both codicils are to be read together and as constituting one document. (*Estate of Ladd,* 94 Cal. 670 [30 Pac. 99]; Civ. Code, secs. 1320, 1321.) ██ The second codicil was made more than three years after the one here in dispute. The testatrix, of course, knew at the time the last codicil was executed that Chapman's death had not occurred, for he attested that instrument as a witness. It is unthinkable that the language employed should be under-

stood as stating that M. C. Chapman had died when, in republishing the entire will in 1924, the testatrix did so in the presence of Chapman himself, who signed as a witness at her request and in her presence. Under these circumstances such a construction would be illogical in the extreme. On the other hand, to interpret the words "in consequence of," used in this context, to mean "in the event of" comports with reason as well as giving effect to the true meaning of the language employed by the testatrix.

Interpreting the words of the codicil as we have, it becomes unnecessary to consider the discussion in the briefs upon the interesting question which would be presented were we to adopt the construction contended for by appellant that the language in question amounts to a statement that M. C. Chapman's death had occurred, and that by reason thereof the testatrix then appointed Montgomery as executor. Of course, the question would then arise as to whether or not such a statement, constituting as it would an erroneous recital of a nonexistent fact as a reason for an unconditional devise, would be regarded as conditional when encountered in a codicil, although it would be absolute if found in the original will. But we are not permitted to pass upon this question, for we hold that not only was it the intention of the testatrix to appoint Montgomery executor solely in the event that Chapman's death might occur before that of the testatrix and the probating of the will, but that such is the plain meaning expressed by the words of the codicil itself when taken in conjunction with the circumstance, no doubt considered by the trial court, that M. C. Chapman must have been known to the testatrix to have been alive in 1924, because at that time, in her presence, he witnessed the republication of her will.

The decree appealed from is affirmed.

Works, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 5, 1927; and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 1, 1927.