[No. 7,943. Department One. — July 18, 1884.]

## IN THE MATTER OF THE ESTATE OF JAMES DUNNE, Deceased, ANDREW J. DONNELLY et al., Executors, Appellants.

PROBATE COURT — PART PAYMENT OF LEGACY. — A Probate Court may order the payment to a legatee of a portion of his legacy, under the provisions of section 1661 of the Code of Civil Procedure, when the amount of money in the hands of the executor is sufficient for such payment, although the sum is no greater than the commissions that will become due the executor upon final settlement, it being shown that the remaining assets of the estate are ample to satisfy the commissions and all other claims against it.

APPEAL from a judgment of the Superior Court of the county of Santa Clara.

Peter Joseph Dunne, one of the devisees under the will of James Dunne, deceased, petitioned the court for a partial distribution of rents of a rancho devised to him. The executors answered, averring that the rents in their hands are necessary for payment of the costs and expenses of administration. The other facts sufficiently appear in the opinion.

*Wm. Matthews*, for Appellants.

*McKisick & Rankin,* for Respondent.

The COURT.—The decision of this appeal must depend upon the answer to be given to the question: Is it error for the court in which the administration of a decedent's estate is pending, to allow to a *legatee* a portion of his legacy, under section 1661 of the Code of Civil Procedure, when the funds in the hands of the executors are no more than the amount which may be allowed to them, as commissions, under section 1618?

It is contended by the executors now here, that, by section 1646, they have the absolute right to retain throughout the administration any moneys which may come to their hands, beyond the amount necessary to pay funeral expenses, etc., and other *debts,* sufficient to meet the full amount of commissions or fees (basing the estimate upon the *prima facie* valuation of the inventory) to which they may be entitled. Logically the claim is broader, and includes a right to retain their commissions as against an order to pay any *debt,* other than for funeral expenses, etc.

Section 1646 reads:-

"The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses, and expenses of the last sickness, and the allowance made to the family of the decedent. He may retain in his hands the necessary expenses of administration, but he is not obliged to pay any other debt or any legacy until, as prescribed in this article, the payment has been ordered by the court."

Section 1618, and the other sections to which reference is made herein, are found in a chapter which treats of "accounts." The provision that, no compensation being provided by the will, the executor "must be allowed" commissions at a certain rate, is a direction to the court to allow him, at some accounting, commissions at the proper rate. So section 1616 directs: "He," the executor or administrator, "shall be *allowed* all necessary expenses in the care, management, and settlement of the estate, including reasonable fees paid to attorneys, for conducting the necessary proceedings or suits in court, and, for his services, such fees as provided in this chapter," etc.

As we have seen, section 1646 of the Code of Civil Procedure

is part of a chapter which treats of *accounts*. It can be given scope and effect by holding that, at an appropriate accounting, the executor or administrator shall be allowed credits for moneys by him paid for funeral expenses, expenses of the last sickness, and allowance made to the family of deceased, although no previous order has been made directing him to pay such moneys; that he shall also have credit for the amount of his commissions, when the time arrives for accounting with respect to them, but that he shall not have authority to pay, nor be allowed at any accounting, any other debt or any legacy, unless the court has expressly ordered the same to be paid.

The language of the section does not necessarily prohibit *the court* from directing the payment of a debt or of a legacy out of any moneys in the hands of the executor or administrator.

If, when an order for the payment of a legacy may be made, it shall appear that, after the payment of the legacy, there will not be sufficient assets to pay the expenses, debts, and commissions, and to satisfy the devisees and other legatees, the order may be held to be an erroneous exercise of the discretionary jurisdiction of the court.

But, in the case at bar, it was made plainly to appear there was ample estate to pay the sum ordered to be paid upon the legacy, and also the commissions of the executors, after satisfying all claims and all the devisees and legatees. It is said the executors may be compelled to resort to a sale of real estate to secure their commissions. Even if this were so, the *power* of the court to order payment of a legacy is not made dependent upon that circumstance.

The legatee obtaining an order for the payment of his legacy is required to give a bond for the payment of his proportion of the *debts* only. (§ 1658.) It would seem, however, that the bond is given principally to secure the estate against contested claims, or claims which may come in after the order is made, since the court is directed to order the payment of a legacy only "when it appears that the estate is but little indebted, and that the share of the party applying may be allowed to him without loss to the creditors of the estate." (§ 1661.) But the court has always before it the *data* from which may be estimated the probable amount of commissions to which the executors or

administrators will be entitled, and hence may refuse the order in case it will result in a loss to the executor or administrator, or to the creditors, by reason of the fact that there will not remain of the estate sufficient to pay them, after allowing the commissions of the executor or administrator.

It is the duty of the court to protect the executor or administrator so that he shall receive his commissions upon the amount of the estate "accounted for by him." (§ 1618.) But this can be done, as we conceive, without depriving the court of its discretion, prudently employed, to make the order for the payment of a legacy, even although the *actual money* in the hands of the executor or administrator may be no more than the amount of his commissions.

Judgment affirmed.