[L. A. No. 7938. In Bank.—June 22, 1925.]

In the Matter of the Estate of WILLIAM PARSONS, Deceased. WILFRED WHITTEN et al., Appellants, v. WILLIAM LA PLANTE, Executor, etc., Respondent.

[1] WILLS—REVOCATION BY CANCELLATION OR OBLITERATION—PRESENTATION OF QUESTION—TIME.—The question of revocation by cancellation, or obliteration of the whole or of a part of a will, must be presented and decided either when the will is offered for probate, or by a proceeding or contest brought within one year after the will is admitted.

[2] ID.—INDEPENDENT PROBATE STEPS—FINALITY OF ORDERS.—The probate procedure of this state contemplates in the administration of the estates of deceased persons a series of different proceedings, each of which is separate as to the matters embraced within its purview; and an adjudication as to each step in this series is

intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate.

[3] ID.—TIME TO ATTACK WILL—COLLATERAL ATTACK.—An order admitting a will to probate may be appealed from, or the admission of the instrument to probate may be contested, and the validity of the will attacked within one year after such probate, but an attack on the order, or a contest of the validity of the whole or of a part of the will, is not a direct attack merely because made or instituted in some proceeding connected with the administration of the same estate.

[4] ID.—PROCEEDING IN REM—EFFECT OF PROBATE.—The proceeding for the probate of the will is one *in rem*, instituted for the purpose of establishing the status of a written instrument; and the judgment admitting the instrument to probate is binding upon all persons interested in the will who, being constructively notified to appear at the probate, might have come in, and who, had they come in, would have been heard for or against its validity.

[5] ID.—PARTIAL REVOCATION—PRESENTATION OF QUESTION AFTER ONE YEAR.—An attack aimed at the will of the deceased by the executor in response to a petition for partial distribution filed more than one year after the will was admitted to probate, is a collateral and not a direct attack, where the executor resists the granting of the petition for partial distribution on the ground that subsequent to the execution of the will the deceased, with intent and purpose of canceling each and every provision in said will contained in favor of petitioners, did with his own hand draw lines through and across said provisions, and did expressly .cancel and revoke the same; and as the issue thus joined is one which could properly have been raised upon the proceeding for the probate of the will, but not having been so raised, and more than one year having elapsed since the order admitting the will to probate was made, the instrument admitted is conclusive evidence as to the intent of the testator.

[6] ID.—INTENT OF TESTATOR—CONCLUSIVE ORDER—ERRONEOUS DENIAL OF PARTIAL DISTRIBUTION.—In such case, the instrument admitted to probate being conclusive evidence as to the intent of the testator, the lower court is in error in denying the petition of beneficiaries under such instrument for partial distribution on the ground that the provisions of the will making the bequests for said beneficiaries had been revoked by the testator.

[7] ID. — INSUFFICIENT CASH — DENIAL OF PARTIAL DISTRIBUTION. — Where, in opposition to a petition for partial distribution, evidence is introduced by the executor showing that there is insufficient cash in his possession to pay the expenses of administration, the claims presented and allowed against the estate, and the legacies

4.  Persons bound by probate or refusal of probate of will, note, 60 **Am. Dec.** 353. See, also, 28 **R. C. L.** 376.

payable under the will, and that after all the assets of the estate are reduced to cash it will be necessary to prorate the shares of general legatees, partial distribution is properly denied.

[8] ID. — CONDITION JUSTIFYING DISTRIBUTION — DENIAL BY PROBATE JUDGE—APPEAL.—The appellate court cannot well reverse a decision based upon the judgment of the court as to whether the condition of the estate is such as to justify the distribution, especially when the application is denied by the probate judge.

(1) 40 Cyc., p. 1373, n. 91.   (2) 15 C. J., p. 1021, n. 82 New. (3) 40 Cyc., p. 1240, n. 98, p. 1256, n. 21, p. 1349, n. 97, p. 1377. n. 17.   (4) 40 Cyc., p. 1223, n. 58, p. 1224, n. 60, p. 1374, n. 3.   (5) 40 Cyc., p. 1377, n. 17.   (6) 40 Cyc., p. 1373, n. 91.   (7) 24 C. J., p. 518, n. 91.   (8) 24 C. J., p. 538, n. 96 New.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for partial distribution. Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

James S. Bennett for Appellants.

Norman A. Bailie for Respondent.

WASTE, J.—This is an appeal from an order denying a petition for partial distribution. William Parsons died, leaving a last will and testament which was duly admitted to probate, without objection or contest, and letters testamentary thereon were issued. In due course, Wilfred Whitten, Muriel Whitten, and Oliver Whitten filed a petition for partial distribution, alleging themselves to be legatees under the will, and each entitled to one thousand dollars. The respondent executor denied the claims of the petitioners and filed objections to the granting of the petition on the ground that the provisions of the will making the bequests to the petitioners had been revoked by cancellation or obliteration by the testator. On a trial of the issues thus presented, the court made and entered findings of fact to the effect that the three petitioners were not legatees under the will of Parsons, and denied their petition. From that order this appeal is prosecuted, presenting for determination the question whether the order admitting the will of Parsons to probate was final as to what constituted the testa-

ment, or whether certain provisions appearing in the will so admitted to probate may be excluded on petition for distribution.

The due execution of the will by the decedent Parsons is not questioned. The will admitted to probate contains some fourteen dispositive provisions. The third, fourth, and fifth paragraphs, respectively, provide one thousand dollars each for these appellants. Across these three paragraphs certain pencil lines or marks appear, which do not obliterate or render illegibile any part of the will, and there is no notation or other indication from which the intent of the testator, in making the marks, may be inferred. Other provisions of the will, of no concern in the present controversy, are more nearly obliterated by heavier pencil markings. The petition for the probate of the will made no mention of these cancellations, if they were intended as such, but prayed for the admission of the document as filed. The testimony of the subscribing witnesses and of the proponents of the will, taken at the time of its admission to probate, is silent as to any changes or alterations made in the document after its execution, and the court made its order in the customary form, unqualifiedly admitting the entire instrument to probate. It was stipulated on the hearing of the petition for partial distribution that each and all of the lines and marks drawn through and across those portions of the will providing legacies in favor of appellants were so drawn by William Parsons subsequent to the execution of the will. Over the objection of appellants, the executor, La Plante, was then permitted to testify that Parsons had stated to him "that he drew lines and marks through certain of the legacies and bequests in said will for the purpose of canceling and revoking the same." On these facts, the court below found that the third, fourth, and fifth provisions of the will had been obliterated, canceled, and revoked by the testator, and denied the petition for partial distribution.

It appears from the bill of exceptions that the executors of the last will and testament of William Parsons, deceased, presented to the probate court a document purporting to be, and which they averred to be, the will of said deceased, and for which they sought admission to probate as the decedent's last will and testament. When presented and filed for probate, the document showed a number of erasures and

interlineations attested by the initials of the decedent. A number of lines and marks appeared to have been drawn through certain paragraphs of the will, among them the third, fourth, and fifth—the provisions in favor of these appellants. These lines and marks were not attested or noted in any way, and did not obliterate or render illegible or uncertain the plain provisions of the will. Upon the hearing of the petition, which was duly noticed, the instrument was offered for probate in its entirety, and due proofs of its execution were made. No objection or contest of any kind being presented, the judge of the probate court made his findings in the form of the certificate required by law, to which the original will was annexed and made a part thereof, as the statute requires. (Code Civ. Proc., sec. 1317.) The testimony of the proponents and of the subscribing witnesses to the will is silent as to any efforts or intention of the decedent to revoke or alter any of the provisions of the will. The order admitting it to probate reads: "That the document heretofore filed purporting to be the last will of said deceased and so alleged to be in said petition be admitted to probate as the last will of said deceased." The order was never appealed from, nor was any contest of the will after probate initiated within one year after its admission to probate or at all. The petition for partial distribution, upon which the present proceeding arose, was filed after the time for contesting the provisions of the will had fully expired.

[1] In seeking a reversal of the order denying their petition for partial distribution, appellants invoke the application of sections 1327 and 1333 of the Code of Civil Procedure, which provide that when a will has been admitted to probate, and no person, within one year after the probate, contests the same or the validity of the will, the probate of the instrument is conclusive (except as to those under certain disabilities). They do not question the rule that a portion of a will may be revoked by cancellation or obliteration, with the intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction (Civ. Code, sec. 1292), but contend that the question of revocation by cancellation, or obliteration of the whole or of a part of a will, must be presented and decided either when the will is offered for

probate, or by a proceeding or contest brought within one year after the will is admitted. The contention of the appellants must be upheld. [2] The probate procedure of this state contemplates in the administration of the estates of deceased persons a series of different proceedings, each of which is separate as to the matters embraced within its purview. An adjudication as to each step in this series is intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate. [3] An order admitting a will may be appealed from, or the admission of the instrument to probate may be contested, and the validity of the will attacked within one year after such probate, but an attack on the order, or a contest of the validity of the whole or of a part of the will, is not a direct attack merely because made or instituted in some proceeding connected with the administration of the same estate. (*Estate of Davis,* 151 Cal. 318, 323 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711].) [4] The proceeding for the probate of the will is one *in rem,* instituted for the purpose of establishing the status of a written instrument. (*Estate of Baker,* 170 Cal. 578, 585 [150 Pac. 989].) The judgment admitting the instrument to probate is therefore binding upon all persons interested in the will who, being constructively notified to appear at the probate, might have come in, and who, had they come in, would have been heard for or against its validity. (*Estate of Allen,* 176 Cal. 632, 633 [169 Pac. 364].)

[5] The attack aimed at the will of the decedent Parsons by the respondent was made in response to a petition for partial distribution filed more than one year after the will was admitted to probate—an independent and wholly distinct proceeding from that for the probate of the document. It is, therefore, a collateral and not a direct attack. (*Estate of Davis, supra.*) The respondent resisted the granting of the petition on the ground that "subsequent to the execution of the last will and testament . . . William Parsons, with intent and purpose of canceling each and every provision in said will contained in favor of said petitioners . . . and each of them, did with his own hand draw lines through and across said provisions, and each of them, and did expressly cancel and revoke the same." The issue thus joined

was one which could properly have been raised upon the proceeding for the probate of the will. Not having been so raised, and more than one year having elapsed since the order was made, the instrument admitted is now conclusive evidence as to the intent of the testator. (*In re Maxwell,* 74 Cal. 384, 386 [16 Pac. 206].) In the case cited a devise contained in the will was excepted to on petition for distribution, on the ground that it had been obtained by false and fraudulent representations made by the beneficiary to the testator. The court in probate held that the exceptions stated no ground for relief, and this court affirmed the ruling on the ground that such an objection to the devise could not be raised on petition for distribution of the estate.

The cases cited and relied on by respondent deal with questions concerning the construction to be placed on wills, and not with matters which can only arise on application for probate in the first instance, or in properly instituted contests. [6] We conclude, therefore, on this phase of the case, that the lower court was in error in denying the petition of the appellants for partial distribution on the ground that the provisions of the will making the bequests for them had been revoked.

[7] Although the provisions in the will of the decedent Parsons in favor of these appellants have not been revoked, it does not follow that their petition for partial distribution must be granted at this time. Evidence was introduced, in opposition to the granting of the petition, that there was insufficient cash in the possession of the executor of the estate to pay the expenses of administration, the claims presented and allowed against the estate, and the legacies payable under the will, and that after all the assets of the estate were reduced to cash it would be necessary to prorate the shares of general legatees. On this evidence the probate court correctly held that the estate of the decedent was not in condition to be partially distributed at this time. (*Estate of Dunne,* 65 Cal. 378, 380 [4 Pac. 379].) [8] We cannot well reverse a decision based upon the judgment of the court as to whether the condition of the estate is such as to justify the distribution, especially when the application is denied by the probate judge. (*Estate of Painter,* 115 Cal.

635, 640 [47 Pac. 700].)    On this ground alone, the order appealed from is affirmed.

Richards, J., Shenk, J., Seawell, J., Lennon, J., Lawlor, J., and Myers, C. J., concurred.