[S. F. No. 15631. In Bank.—July 28, 1936.]

In the Matter of the Estate of HENRY C. FINKLER, Deceased. M. J. PURCELL et al., Respondents, v. CHRISTINA A. FINKLER et al., Appellants.

Knight, Boland & Riordan, F. J. Kilmartin, Henry Eickhoff, Jr., George W. Wilson and J. E. McCurdy for Appellants.

Ross & Ross for Respondents.

SEAWELL, J.—This appeal is taken by Christina A. Finkler, a half-sister of the deceased, and by Sumner J. Waite et al., heirs at law of said Henry C. Finkler, from an order made and entered by the Superior Court of the County of San Mateo in the above-entitled matter, directing that final distribution of the residue of the estate of decedent be made to M. J. Purcell and B. Grant Taylor, the executors and beneficiaries named in his will, excepting therefrom small sums of money ordered distributed to certain heirs at law as in said will provided.

The question as to what part, if any, of said document filed for probate and written wholly by the decedent was entitled to admission to probate as the holographic will of decedent was considered at length in the matter of the *Estate of Finkler*, 3 Cal. (2d) 584 [46 Pac. (2d) 149]. Every question urged upon the instant appeal was brought to the attention of this court upon the disposition of that appeal.

The document admitted to probate was written on a single sheet of paper, and as originally prepared reads as follows:

"San Francisco, Cal.,
"April 21, 1930.

"All my property (money or realty) I leave to Mike Purcell and B. Grant Taylor collectively—Any person legally proving relationship they will give such person ten

dollars—Codicils to follow—Both to act as executors without bonds—

"H. C. FINKLER."

Some time subsequent to April 21, 1930, the day on which said will was written, certain changes were made in it by the testator by way of interlineations and cancellations, the latter being made by single strokes of the pen drawn through the words, leaving them lined out but entirely legible. Giving effect to the interlineations and cancellations (omitting place of execution and date), said will reads as follows:

"I will all my property personal or mixed will to Mike Purcell and B. Grant Taylor collectively—Any person legally proving relationship to be given ten dollars.

"Codicils to follow.

"Both to act as executors without bonds."

On the margin of this document (in the changed form) and opposite the deleted word "realty", which happens to be the first word in the line in which it appears, the testator endorsed his initials, "H. C. F."

The whole of said document, including interlineations and deletions, was filed as the will of decedent on November 24, 1930, by M. J. Purcell and B. Grant Taylor, executors, praying for its probate and for letters testamentary. Opposition to its probate was filed by contestant Christina A. Finkler, on the grounds of alleged mental incapacity on the part of the testator, and the exercise of undue influence upon him by M. J. Purcell, and on the further ground that the proposed will was not intended to be a complete testamentary instrument, but was conditioned upon the future execution of codicils which were not thereafter executed. Other heirs at law filed their opposition to the admission of said will to probate, based on similar grounds. On August 20, 1931, M. J. Purcell and B. Grant Taylor, executors of and beneficiaries by virtue of the provisions of said will, filed an amended petition, wherein they set out *in haec verba* that portion only of the document as originally written, ignoring and disregarding interlineations and deletions. In short, the important word "realty", through which an ink line had been drawn, was treated by the petitioners as it existed on April 21, 1930, before any change had been made. The appellants' motion to strike

from the files the amended petition on the grounds that the executors could not stand in the position of proponents as to a portion of the document offered by them as a will and contestants as to other portions, but must, as executors, support it in its entirety, was denied. Thereafter Christina A. Finkler and the other appellants, by petition and by other methods, took the position that decedent was on the day said will was written and signed by him and for some time prior thereto had been of unsound mind and mentally incompetent to make a will; also that he had been unduly influenced in the matter. Nevertheless, said appellants, Christina A. Finkler in particular, alleged in their petition that decedent left a document bearing date April 21, 1930, purporting to be his holographic last will and testament, in the precise language of the document which this court, in the matter of the *Estate of Finkler*, held to constitute his will. She also alleged that said document is the *same* document filed and offered for probate in this matter by M. J. Purcell and B. Grant Taylor and that it was entirely written, dated and signed by the hand of decedent. In her petition she made the conditional request that if the contest which she had filed praying for a decree adjudging said proposed will not to be the last will of decedent should fail and the court should proceed with the probate of the whole of or a portion of said document, that in such consequence the will, giving effect to interlineations and cancellations, in its amended form, be admitted as the will of decedent and letters of administration with said will annexed be issued to her and that the petitions of the executors named in the will be denied.

Inasmuch as this court upon the first appeal was required to interpret the meaning of and give effect to the language of the will in order to determine what portion of the document before it, if any, was testamentary in character and whether it had been executed with regard to the forms of law, it further became necessary to interpret its language and determine whether or not certain words written into the will by the testator took the place of the words through which he had drawn his pen. The probate judge held that said changes were not made in conformity with the law and gave effect to the will as it appeared in its unchanged form. This court held this to be error; that the will as

changed was properly entitled to be admitted to probate, but inasmuch as the two documents when properly interpreted gave the whole of decedent's estate to the same beneficiaries, and in the same proportions, the variance of the verbiage was not so material as to require a reversal and thereby prolong the litigation until the will might be interpreted in some other court proceeding. Continuing the discussion, we said: "Appellants, insisting upon this course, cite the rule that ordinarily questions of interpretation do not arise upon proceedings for the probate of a will. (*Estate of Murphy*, 104 Cal. 554 [38 Pac. 543]; *Estate of Cook*, 173 Cal. 465 [160 Pac. 553]; *Estate of Parsons*, 196 Cal. 294 [237 Pac. 744].)

"Yet, in the first case cited by them, the court actually did interpret the two documents proposed for probate by holding that they were in all essential particulars harmonious, if not identical. The spirit of that decision seems applicable here for in effect we have two instruments before us, the one as executed on April 21, 1930, and remaining in that form until some unknown date subsequent to April 29, 1930, and the other instrument as later altered and amended. If they are both testamentary in character and dispose of the whole estate to the same parties in the same aliquot parts, what difference does it make whether the one, the other, or both are admitted to probate? (Sec. 72, Probate Code.)"

█ Pending said appeal additional briefs were called for requesting counsel to give special attention to the interpretation of said documents. Upon consideration of the able briefs filed, as stated in our opinion, we were unable to reach any other result than that the meaning of the two instruments is identical. "The words, 'all my property, personal or mixed', seem clearly to dispose of the estate of the testator in its entirety. If the first phrase is all-inclusive, so must the second be."

Upon this appeal we have again had occasion to review our former decision, and we have not been persuaded by further consideration of the matter that we should recede from the conclusion hitherto reached, even if, indeed, we should conclude, as appellants contend, that we are not bound by our former pronouncements of the law as to the questions raised by this appeal.

102

■ It may be conceded that ordinarily the court will not construe a will for the purposes of distribution until it shall have been admitted to probate. The questions in this case present somewhat a different situation from those presented in the ordinary case wherein two separate instruments are offered for probate. In order to determine which portions of the document were testamentary and which were not, and in an effort to divine the intention of the testator and the meaning of the document, whether construed as a whole or as separate segments and in determining the relation which one part bore to the other, it seems to us that it became necessary for this court to adopt the course it did. It was the natural, logical and reasonable method of disposing of the matter. We are of the opinion that no miscarriage of justice has resulted by the procedure as outlined, as the evidence, which is very full and touches every phase of the case, supports the judgment. (Art. VI, sec. 4½, Const.)

■ We come now to the final chapter of the proceeding, the settlement of the decree of final distribution. Respondents in their petition for a decree of final distribution stood upon the will admitted by the probate court. Christina A. Finkler and other appellants opposed the petition and prayed that distribution be made in accordance with the changed will, claiming that decedent died intestate as to his real property. Emmet Brophy, one of the heirs at law, claimed that the order admitting said will to probate was a nullity and prayed that the document with its changes and alterations be admitted and that letters testamentary be issued thereon. His motion was afterwards dismissed. Proceedings were taken and a hearing was had upon respondents' petition for a decree of final distribution. The matter of distribution came before Honorable Maxwell McNutt, successor in office of Honorable George H. Buck, presiding for the first time in said probate matter. Upon the hearing of said petition, the court made and entered its final decree distributing all of said estate, with the exception of small bequests to certain blood relatives as in said will provided, to M. J. Purcell and B. Grant Taylor in accordance with the will admitted to probate. ■ The learned judge of the probate court accompanied his order with a written opinion in which he stated that he felt bound by

the affirmance of the judgment admitting the document to probate in its original form, even though this court may have erroneously affirmed the judgment. The opinion of the trial court, while often of great assistance to this court in its appellate duties, is really no part of the record. The decrees alone speak the orders of trial courts and we are bound to give effect to them as the official pronouncements of their authors.

Our views as announced in the first appeal have not been changed by anything that has been presented in the instant appeal, and they are therefore reaffirmed.

Judgment affirmed.

Shenk, J., Thompson, J., and Curtis, J., concurred.

LANGDON, J., Dissenting.—I dissent.

This court, in its prior opinion herein, purported to interpret the documents before it and gave to those documents an interpretation different from that given by the trial court. Everything that was said by this court on this issue in its prior opinion was clear *dicta* and the trial court should not have held that it was bound thereby. The rule is well settled that, on the probate of a will, questions of interpretation do not arise, except in certain unusual situations, of which the instant case is not one. The rule enunciated in the majority opinion, by permitting a construction of a will prior to its admission to probate, not only disturbs a well settled principle of law but, in my opinion, tends to upset the orderly handling of the probate of an estate.