[Civ. No. 20262.   Second Dist., Div. One.   Oct. 5, 1954.]

ESTATE OF GEORGE M. CHALLMAN, SR., Deceased. HELEN M. CHALLMAN, Respondent, v. GEORGE M. CHALLMAN, JR., Appellant.

Chester M. Barnes and A. T. Folsom for Appellant.

Arthur A. Jones for Respondent.

WHITE, P. J.—This action comes up on appeal by George M. Challman, Jr., the adopted son and beneficiary under the will of George M. Challman, Sr., who died March 20, 1951, from the "Decree Determining Interest in Estate," dated and filed May 11, 1953, and entered May 25, 1953, as follows:

"That Helen M. Challman, as surviving spouse, was not provided for in the last will of George M. Challman, Sr., Deceased, nor was she mentioned therein in such way as to show an intention not to provide for her.

"That pursuant to the provisions of Probate Code Section 70, the will and codicil of deceased are revoked as to Helen M. Challman, and she is entitled to receive as her share of the estate the same amount as if the decedent had died intestate.

"That pursuant to the provisions of Probate Code Section 221, Helen M. Challman, the surviving spouse, is entitled to receive one-half of the estate available for distribution, and that George M. Challman, Jr., is entitled to the balance of the estate available for distribution, after payment therefrom of any specific bequests provided by the will."

The will which has caused the present litigation was pre-

pared by typewriting on a printed form. It was dated, signed and witnessed June 2, 1948. It contained a specific bequest of $250 to Miss Helen Dollinger, who is a niece of decedent's former wife. On December 10, 1949, testator married Miss Helen Dollinger. On November 1, 1950, he attempted to change his will, by deleting the specific bequest to Miss Dollinger and inserting ''Hellen M. Challman, Wife,'' in his own handwriting after the name of George M. Challman, Jr., in the residuary clause. On the same day, on the last page of said will form, testator wrote and signed the following: ''11-1-1950 Helen M. Challman should have the following deducted from estate 1 Bed room set and Gas stove rear house $100.00 Front house Bed room set $100.00 Refrigerator $75.00 Back bed room Carpenter and Plumber $344.40. George M. Challman, Sr.''

On July 6, 1951, the probate court made its order admitting said will to probate and appointing Helen M. Challman as administratrix with the will annexed. Said order reads in part as follows: ''. . . that the document heretofore filed, dated June 2, 1948, excluding the handwritten additions and the stricken provisions . . . is hereby admitted to probate as the last will of said deceased; that the holographic document dated November 1, 1950 is hereby admitted to probate as a codicil to the last will. . . .

■ November 30, 1951, the probate court, after admitting to probate the holographic codicil, approved a creditor's claim of Helen M. Challman for $619.40, itemized as in said codicil. It appears from the reporter's transcript of the hearing at which the order here appealed from was made, that a transcript of the testimony and proceedings at the hearing on respondent's creditor's claim was there introduced in evidence, but that record is not a part of the record before us on this appeal. The trial court's finding that appellant stipulated in open court that said creditor's claim be approved ''for the amounts listed in the codicil'' is therefore conclusively presumed to be supported by the evidence.

Consequently, in spite of appellant's vigorous contention on this appeal that by the codicil testator expressed a gift to his wife of $619.40 and no more, it has already been decided that such codicil was in fact merely an acknowledgment by testator of his obligation to repay to his wife the cash loaned to him by her.

Appellant now contends that the order from which this appeal was taken was in excess of the trial court's juris-

diction. ■ However, as stated by the learned trial judge in his memorandum opinion, which is made a part of respondent's reply brief, on this appeal, "The order admitting the two documents to probate now stands as a conclusive adjudication of their status as a will and a codicil thereto. But such a ruling does not affect the power of the court to determine their import under applicable rules of construction in resolving the opposing claims for distribution of the estate in a proceeding under Probate Code section 1080. (*Estate of Salmonski*, 38 Cal.2d 199, 208-209 [238 P.2d 966].)" See also *Estate of Sargavak*, 41 Cal.2d 314, 318 [259 P.2d 897].

Appellant urges the decisions in *Estate of Cutting*, 172 Cal. 191 [155 P. 1002, Ann.Cas. 1917D 1171], and *Estate of Cazaurang*, 42 Cal.App.2d 796 [110 P.2d 138], are authority for the reversal of any order for the distribution to respondent of any portion of decedent's estate, in the instant proceeding.

The facts in the instant proceeding are quite different, however, from those in the *Estate of Cutting, supra.* There, as here, a will dated before marriage and an holographic codicil made after marriage had been admitted to probate. In the Cutting Estate, *supra,* it appeared from the unambiguous language of the codicil, and was found by the trial court, that testator's intention was to provide for his widow, and he did provide for her in said codicil, exactly in accordance with their written agreement made before their marriage and signed by her to the effect that $250 per month during her life would be "in lieu of any and all claims against the property or estate of said Francis Cutting whether community or any other property or interest." In affirming the judgment against the widow's claims in the *Estate of Cutting, supra,* at page 199, the court said: "It is made clear, both by the executory agreement and the codicil, that the testator' intended that after his death, if his wife survived him, she should receive $250 per month, and no more. . . ."

The codicil involved in the *Estate of Cazaurang, supra,* at page 797, provided: "and to my wife $1.00." There, the appeal was from the order admitting the will and codicil to probate and testator's expression of an intention not to provide for his widow is not discussed in the decision.

The facts in the instant proceeding are so entirely different from those in the cited cases that neither is of any assistance. ■ In the instant proceeding, as in the *Estate of Salmonski, supra,* at page 208, both documents were ad-

mitted to probate because both had been duly executed, but the admission to probate was not a decision as to the efficacy of the dispositive clauses of either or both instruments. Those questions were properly before the court in the proceeding under section 1080 of the Probate Code. In the instant proceeding, the trial court had the duty to ascertain the intention of the testator from the two documents standing together as the complete and entire will of the decedent. (*Estate of Salmonski*, 38 Cal.2d 199, 209 [238 P.2d 966].)

In the proceeding now engaging our attention it must be kept in mind that the will, as admitted to probate, contained neither the specific bequest to respondent under her maiden name which had been stricken out by testator when the codicil was added, or the name of respondent inserted in the residuary clause in decedent's handwriting at the same time. These portions of the original will were excluded by the order admitting the will and the codicil to probate. Consequently, the only mention of respondent in testator's will as admitted to probate is in the codicil, which was merely the acknowledgment of his debt to her as set forth in her creditor's claim heretofore approved and allowed by the court.

■ The will dated June 2, 1948, was revoked as to respondent Helen M. Challman by testator's marriage to her on December 10, 1949 and her surviving him. (Prob. Code, § 70.)

■ The execution of a codicil referring to a previous will has the effect to republish the will as modified by the codicil. (Prob. Code, § 25.) ■ The fact that a codicil is written upon, or attached to, the will itself is equivalent to express reference to the will. (*Estate of Plumel*, 151 Cal. 77, 80 [90 P. 192, 121 Am.St.Rep. 100].)

■ As stated in *Estate of Matthews*, 176 Cal. 576, 578 [169 P. 233], "In *Payne* v. *Payne*, 18 Cal. 291, 292-302, it is held that the republication of the will is tantamount to the making of that will de novo and that the new will so made speaks as of the date of republication. The same rule is declared in varying but unmistakable language in such cases as *Estate of Ladd*, 94 Cal. 670 [30 P. 99]; *Estate of Hayne*, 165 Cal. 568 [133 P. 277, Ann.Cas. 1915A 926]; *Estate of Cutting*, 172 Cal. 191 [155 P. 1002, Ann.Cas. 1917D 1171]. True, it is subject to the exception that the intention of the testator or testatrix must be preserved, if possible (40 Cyc. 1221), and courts have in many instances refrained from

applying the rule regarding republication by codicil with all the severity that would attend the interpretation of a new will by which all previous wills had been set aside.'' (See also *Estate of McCauley*, 138 Cal. 432 [71 P. 512].)

From all the provisions, changes and attempted changes, in the original will and the fact that the codicil was written by testator upon his premarital will as changed, it appears that testator's republication of his original will was intended to be conditioned upon the effectiveness of the changes attempted to be made by him. The court order deciding that the interlineations were ineffective for the purpose of providing for respondent widow had become final and is not subject to review in the instant proceeding. But, there was before the court in this proceeding no evidence of any kind tending to prove that testator intended the codicil to republish, as of its date after his marriage, and to thus validate his old will giving effect to his deletion of his wife's name as a specific legatee and denying effect to his interlineation of her name as a residuary legatee. Looking at the two documents together we think it is manifest that the testator did not intend to leave his wife unprovided for.

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 3, 1954. Schauer, J., and Traynor, J., were of the opinion that the petition should be granted.