[L. A. No. 24410. In Bank. Feb. 21, 1958.]

Estate of NELLIE NEUBAUER, Deceased. HAZEL HURST FOUNDATION et al., Appellants, v. CHARLES EAMES et al., Respondents.

Edward Raiden for Appellant Hazel Hurst Foundation.

Harold L. Green for Appellant Sweeney.

Watkins & Charlton for Respondents.

CARTER, J.—Two appeals from an order determining heirship and the judgment entered thereon are here involved and will be considered separately insofar as practicable.

There is no dispute concerning the facts. Nellie Neubauer executed a formal will on September 9, 1954. Her attorney retained the original and at her own request Mrs. Neubauer executed a duplicate which she retained in her possession. The will, which consisted of four pages, contained certain specific bequests which are not involved here. In the will Mrs. Neubauer directed her executor to pay to her husband the sum of $250 per month during his lifetime. On pages 2 and 3 of the will Mrs. Neubauer directed that "(b) Upon the death of my said husband (or upon my death in the event my said husband does not survive me), then I direct that the rest and residue of my estate shall be distributed for general charitable purposes as follows: 40 per cent thereof to

the Los Angeles Orthopedic Foundation, Los Angeles, California; 40 per cent thereof to the Crippled Children's Fund, Los Angeles, California; 20 per cent thereof to the Hazel Hurst Foundation, Azusa, California. I shall appreciate have [sic] the recipient charities commemorate my gift by placing my name on a plaque, or scroll or whatever device that organization ordinarily uses to perpetuate the memory of those who make gifts of the amount similar to my gift. With the intention of avoiding the statutory prohibition relating to charitable bequests and the invalidation thereof under Probate Code, Section 41, or any and all other similar provisions of the law, I declare that I desire to take advantage of the doctrine set forth in Estate of Davis, 74 Cal.App.2d 357 [168 P.2d 789], and Estate of Haines, 76 Cal.App.2d 673 [173 P.2d 693], as follows: In the event that any gift, legacy or devise to a charity or charitable organization, be held invalid in whole or in part, then I hereby substitute for such charity as such legatee or devisee my trusted friend, FLORENCE SWEENEY of Detroit, Michigan; or if she is deceased, the State of California."

Paragraph "Eighth" provided that "Having in mind my nieces and nephew and all other heirs and next of kin, I have intentionally omitted to give, bequeath or devise any of my property to my said heirs or next of kin, knowing that adequate provision has otherwise been made for each of them." The will also contained a no contest clause.

Mrs. Neubauer died on December 31, 1954, more than three months and less than six months after the execution of the will on September 9, 1954.

Without the knowledge of Mrs. Neubauer's attorney, Mrs. Neubauer altered the executed duplicate of the original will as follows: On page 2 of the duplicate the following bequest "(4) The sum of $1,000, I give to GRACE RIDLEY of Detroit, Michigan" had a single line drawn through it in ink and the following notation in testatrix' handwriting was made in the space following it: "I changed my mind about this—signed— Sept -9-54. Nellie Neubauer."

On page 3 provision (b) of the will as hereinbefore set forth had been altered as follows: The 20 per cent bequest to the Hazel Hurst Foundation had parentheses drawn around it and had been heavily overlined. Just above the overlining appeared the testatrix' signature. There was, however, no date appearing thereon. After the citation of the cases of *Estate of Davis* and *Estate of Haines* and following the words

"as follows:" appeared these marks: "(In the event that any gift, legacy or devise to a charity or charitable organization, be held invalid in whole or in part, then I hereby substitute for such charity as such legatee or devisee my trusted friend, FLORENCE SWEENEY)...." It will be seen that the parentheses, and the underlining did not appear on the will as originally written.

The petition for probate recited "That on or about September 9, 1954, and after the execution of said will, said testatrix drew a line through subparagraph (d) of Paragraph Fifth of said will and inserted a paragraph that is entirely written, dated and signed by the hand of the testatrix herself." and prayed that the will be admitted to probate. In the petition for probate no mention was made of the lining over of the bequest to the Hazel Hurst Foundation. Both the altered duplicate and the original and unaltered will were attached to the petition for probate. While the record does not show which one was admitted to probate it is, apparently, admitted by the parties that it was the altered duplicate. The Hazel Hurst Foundation received a notice of intention to probate the will but did not appear on February 7, 1955, when the court heard the petition. On August 10, 1955, more than six months after the making of the above order, the executor petitioned the court for a determination of heirship. Notice of hearing was given the Hazel Hurst Foundation. After the hearing on the heirship proceeding, the court made findings of fact and conclusions of law wherein it was found that it was the "duplicate" altered will that had been admitted to probate and that at the time of admission the court had stated "The will is admitted in its present form; petitioner appointed; bond is waived. The reason for that is that it bears a date and the signature and it is tantamount to an holographic codicil." It was also found that paragraph "SEVENTH: (b) . . . '20% thereof to the Hazel Hurst Foundation, Azusa, California' have been eliminated from the will." The record does not show that any such findings were made on the probate of the will. The trial court in the heirship proceeding concluded that the testatrix died intestate as to 20 per cent of the balance remaining after the termination of the trust in favor of testatrix' surviving husband "the amount to the Hazel Hurst Foundation, Azusa, California having been eliminated from the will, but said amount does not become a part of the residue to be distributed to any charity or chari-

table corporation under Paragraph Seventh (b). The Charitable bequest to the Hazel Hurst Foundation is not held invalid in whole or in part so as to be distributable to Florence Sweeney or the State of California, but has merely been stricken from the will as part of the holographic codicil heretofore adjudicated [the $1,000 bequest to Grace Ridley], and is to be held in trust in the manner provided in Paragraph Seventh (a) for the benefit of James H. Neubauer for so long as he shall live, and then distributed to the persons entitled thereto under the laws of succession as set out in Chapter II, Division II of the Probate Code.''

Both the Hazel Hurst Foundation and Florence Sweeney appeal from the judgment entered upon the above conclusion.

The foundation argues that the order admitting the will to probate conclusively established that the gift in its behalf had not been revoked inasmuch as the probate of the will had not been contested, no appeal taken from the order and no contest made within the statutory period (Prob. Code, § 380). The foundation relies on *Estate of Parsons,* 196 Cal. 294, 298, 299, 300 [237 P. 744], where the will sought to be admitted to probate showed a number of erasures and interlineations attested by the initials of the decedent. Some of the lines and marks were not attested or noted in any way and, according to the court, did not obliterate or render illegible or uncertain the plain provisions of the will. There was no objection or contest of any kind and the court executed the certificate required by law and annexed the original will thereto. The order admitting the will to probate was not appealed from and there was no contest thereof within the time required by law. Upon a petition for partial distribution the appellants there (those in whose favor the interlined bequests had been made) were denied distribution. ■ This court there said: ''In seeking a reversal of the order denying their petition for partial distribution, appellants invoke the application of sections 1327 and 1333 of the Code of Civil Procedure, which provide that when a will has been admitted to probate, and no person, within one year after the probate, contests the same or the validity of the will, the probate of the instrument is conclusive (except as to those under certain disabilities). They do not question the rule that a portion of a will may be revoked by cancellation or obliteration, with the intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction (Civ. Code, § 1292), but contend that the question

of revocation by cancellation, or obliteration of the whole or of a part of a will, must be presented and decided either when the will is offered for probate, or by a proceeding or contest brought within one year after the will is admitted. The contention of the appellants must be upheld. ■ The probate procedure of this state contemplates in the administration of the estates of deceased persons a series of different proceedings, each of which is separate as to the matters embraced within its purview. An adjudication as to each step in this series is intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate. ■ An order admitting a will may be appealed from, or the admission of the instrument to probate may be contested, and the validity of the will attacked within one year after such probate, but an attack on the order, or a contest of the validity of the whole or of a part of the will, is not a direct attack merely because made or instituted in some proceeding connected with the administration of the same estate. (*Estate of Davis*, 151 Cal. 318, 323 [121 Am.St. Rep. 105, 86 P. 183, 90 P. 711].) ■ The proceeding for the probate of the will is one *in rem*, instituted for the purpose of establishing the status of a written instrument. (*Estate of Baker*, 170 Cal. 578, 585 [150 P. 989].) The judgment admitting the instrument to probate is therefore binding upon all persons interested in the will who, being constructively notified to appear at the probate, might have come in, and who, had they come in, would have been heard for or against its validity. (*Estate of Allen*, 176 Cal. 632, 633 [169 P. 364].)'' It was held that the attack aimed at the will of the decedent Parsons by the respondent executor in response to a petition for partial distribution filed more than one year after the will was admitted to probate was ''an independent and wholly distinct proceeding from that for the probate of the document. It is, therefore, a collateral and not a direct attack. (*Estate of Davis, supra.*)'' It was concluded that ''the lower court was in error in denying the petition of the appellants for partial distribution on the ground that the provisions of the will making the bequests for them had been revoked.''

It should be borne in mind that the words of the admitting court quoted by the court in the heirship proceeding could only have referred to the bequest to Grace Ridley which had been *dated* as well as signed when stricken out by the testatrix

on the expressed ground that she had changed her mind "about this." The bequest of 20 per cent of her estate to the Hazel Hurst Foundation had been heavily lined over and the testatrix' signature placed above the lining over without any date. It also appears in one of the briefs that while the Grace Ridley bequest was revoked in ink, the one to the foundation was lined over in pencil.

The foundation also relies on the statement made in *Estate of Plaut,* 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837], wherein it was said (p. 427): "Upon the contest of a will, whether before or after probate, the court will ordinarily not construe the instrument. (*Estate of Cook,* 173 Cal. 465, 468 [160 P. 553]; *Estate of Fay,* 145 Cal. 82, 87 [78 P. 340, 104 Am.St.Rep. 17]; *Estate of Pforr,* 144 Cal. 121, 125 [77 P. 825]; *Estate of Murphy,* 104 Cal. 554, 566 [38 P. 543]; *Estate of Cobb,* 49 Cal. 599, 604; see 2 Woerner, Administration, 3d ed., 774.) The only issue before the court is whether the instrument contested is or is not the will of the testator, and the power to construe will be exercised only insofar as it is necessary to the determination of that issue. (See *Estate of Murphy, supra,* and cases cited in 2 Page on Wills, 3d ed., § 639.)" In *Estate of Brodersen,* 102 Cal.App.2d 896, 906 [229 P.2d 38], the court emphasized that it is not the function of the trial court to construe a will in the proceeding brought for admission of the will for probate. The court in the Brodersen case discussed the *Estate of Parsons* and noted that in that case, "The question before the probate court was whether parts of the document which was presented to the court as a will had been manually deleted, so that not the whole instrument, but the parts not deleted, constituted the will of the testator. Since it was not found that portions of the will had been deleted, the will necessarily was as originally written and executed, and the order of the court to that effect was held to be res judicata." It was concluded that the facts of the Brodersen case did not bring it within the rule of *Estate of Parsons.* In other words, the foundation argues in effect that it was never before the court and that no construction of the validity of the bequest to it had been made. It will be recalled that the petition for probate concerned itself only with the revoked bequest to Grace Ridley and made no mention of the fact that the bequest to the foundation had been lined over with the testatrix' signature interlined above the lining over. From a practical point of view under the circumstances appearing in the case at bar it

appears that there was no reason for the foundation to institute any kind of contest concerning the existence or validity of the bequest to it.

It appears that the rule set forth in *Estate of Parsons,* 196 Cal. 294 [237 P. 744], hereinbefore set forth, is controlling inasmuch as the will was admitted to probate ''in its present form'' which was as it had been executed by the testatrix with the exception of the holographic codicil revoking the $1,000 bequest to Grace Ridley. ▇ In *Estate of Caruch,* 139 Cal.App.2d 178, 187 [293 P.2d 514], the court, after discussing *Estate of Parsons, supra,* said: ''Under these cases the due execution and validity of the will are determined at the time the will is admitted to probate. If no contest is filed within the time set forth in section 384 of the Probate Code, those determinations are final and conclusive. The proceedings under section 1080 of the Probate Code are separate and distinct from those to admit the will to probate. In such a proceeding due execution and validity of the will cannot be collaterally attacked. *All that the court has power to do in such a proceeding is to interpret the will that has been admitted to probate—it cannot again pass on the questions of due execution or validity.* This was the precise holding in *Estate of Salmonski,* 38 Cal.2d 199, 207 [238 P.2d 966]: '[W]hat documents go to make up a will must necessarily be determined in the first instance on application for probate; and determinations so made have the effect of judgments and become conclusive in the course of time. . . .

'' '[I]t is clear here that in the absence of an appeal, the order admitting the two documents to probate after contest now stands as a conclusive adjudication of their status as a will and a codicil thereto; but beyond consideration for the determination of that precise issue of what documents constituted the deceased's last will, questions of construction and interpretation in measure of the effect of the two documents one on the other were ''appropriate matters for consideration and determination'' in the instant heirship proceeding.' (See also *Estate of Sargavak,* 41 Cal.2d 314 [259 P.2d 897]; *Estate of Challman,* 127 Cal.App.2d 736 [274 P.2d 439].)'' (Emphasis added.)

▇ As applied to the facts of the case at bar, the application of the rule of *Estate of Parsons, supra,* leads to this result: The will as executed was admitted to probate with the exception of the bequest to Grace Ridley which was held to

have been revoked by an holographic codicil. The time for appeal and contest having elapsed the question of *what* constituted the will of Nellie Neubauer must be considered as res judicata. On a collateral attack such as the heirship proceeding here involved, the court was limited to an interpretation and construction of the *terms of the will as admitted to probate.*

Insofar as the appeal of Florence Sweeney is concerned, it will be recalled that she was the substitutional legatee in the event that the charitable bequests failed in whole or in part. Under the trial court's holding in the heirship proceeding that the share of the Hurst Foundation had ''been eliminated from the will'' and that it went by intestate succession rather than to Florence Sweeney as substitutional legatee, the Sweeney appeal is concerned only with that question.

In view of the conclusion which must be reached here because of the rule set forth in *Estate of Parsons, supra,* the order determining heirship as it affects Florence Sweeney is affirmed even though that order was based on erroneous reasoning, and the order as it relates to the interest of the Hazel Hurst Foundation is reversed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and Draper, J. pro tem.,* concurred.

The petition of appellant Sweeney for a rehearing was denied March 19, 1958. Draper, J. pro tem.,* participated therein in place of McComb, J.

---

*Assigned by Chairman of Judicial Council.