Filed 7/24/13  Estate of Marbaix CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ESTATE OF JOSE MARBAIX, Deceased. | B244137 |
| VINCENT BAGBY, | (Los Angeles County Super. Ct. No. BP130152) |
| Objector and Appellant, | |
| v. | |
| AMERICAN LUNG ASSOCIATION OF CALIFORNIA, et al., | |
| Petitioners and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Brenda J. Penny, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Vincent Bagby, in pro. per., for Objector and Appellant.

Holland & Knight, Stacie Polashuk Nelson, and Jonathan H. Park for Petitioners and Respondents.

————————————

Appellant Vincent Bagby appeals from the trial court's order granting a petition filed by respondent charitable organizations[1] pursuant to Probate Code[2] section 11700 to determine persons entitled to distribution under a 2006 will. Bagby asserts that the trial court erred in failing to find that the 2006 will had been revoked by a 2009 will in which the decedent allegedly bequeathed the bulk of her estate to Bagby. Because Bagby filed his objections more than 120 days after the 2006 will was admitted to probate, his claim was barred by the statute of limitations. We accordingly affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The decedent, Jose Marbaix, died on March 16, 2011. The public administrator located only one testamentary instrument—a holographic will dated May 6, 2006. The public administrator filed a petition to probate the 2006 will on August 11, 2011, and the 2006 will was admitted to probate on October 14, 2011. In the 2006 will, Marbaix bequeathed a significant portion of her estate to 10 charities, including Respondents. Bagby, whose relationship to Marbaix is not disclosed in the record, was not named as a beneficiary in the 2006 will.

On June 12, 2012, Respondents filed a petition to determine persons entitled to distribution pursuant to section 11700. In their petition, Respondents sought an order that the 2006 will was operative and governed the distribution of Marbaix's estate, and that Respondents were entitled to distribution of the estate in accordance with that will. On July 19, 2012, Bagby filed written objections to the probate of the 2006 will and to the section 11700 petition. In his objections, Bagby stated that he recently had found out about Marbaix's death, and that he had never been contacted by any person regarding this

---

[1]     Respondents are (1) American Lung Association of California, (2) ASPCA, (3) Braille Institute of America, (4) Defenders of Wildlife, (5) Paralyzed Veterans of American, (6) ALSAC/St. Jude Children's Research Hospital, (7) Veterans of Foreign Wars of the United States, and (8) World Wildlife Fund.

[2]     All further statutory references are to the Probate Code.

2

matter.  He further alleged the existence of a subsequent will signed by Marbaix on July 8, 2009, in which she bequeathed all of her estate apart from household furnishings to Bagby.  Bagby attached a copy of the 2009 will to his objections.

On September 17, 2012, the trial court held a hearing on Respondents' section 11700 petition, which was attended by Respondents' counsel, the public administrator's counsel, and Bagby, who appeared in pro. per.  On September 21, 2012, the trial court entered an order granting the petition on the ground that the 2006 will was operative and governed the distribution of Marbaix's estate.  The court ordered the public administrator to distribute the assets of the estate pursuant to the terms of the 2006 will.  Bagby filed two notices of appeal challenging the trial court's order.

## DISCUSSION

On appeal, Bagby argues that the trial court erred in admitting the 2006 will to probate and in granting Respondents' petition to distribute the estate pursuant to that will because Bagby had established the existence of a valid 2009 will that revoked the 2006 will upon its execution.  Bagby also asserts that he was unable to challenge the probate of the 2006 will prior to July 2012 because he had not learned of Marbaix's death until after he returned from his tour of duty in Iraq in November 2011.  Respondents contend that Bagby's post-probate contest was untimely because he did not file his objections within the 120-day statute of limitations set forth in section 8270.  Respondents also claim that Bagby's proffered reason for his late filing must be rejected because it was not raised before the trial court and does not provide a sufficient basis for setting aside the trial court's order.  Based on the limited record before us, we conclude that Bagby's claim was time-barred.

## I.     Relevant Law

Section 8270 provides that "[w]ithin 120 days after a will is admitted to probate, any interested person, other than a party to a will contest and other than a person who had actual notice of a will contest in time to have joined in the contest, may petition the

3

court to revoke the probate of the will. The petition shall include objections setting forth written grounds of opposition." (§ 8270, subd. (a).) If no person contests the validity of a will or petitions for revocation of the probate of a will within the 120-day limitations period, admission of the will to probate is conclusive, subject to the statutory exceptions in section 8007. (§ 8226, subd. (a); see also *Estate of Sanders* (1985) 40 Cal.3d 607, 613 ["[t]he probate of a will is conclusive if not contested within 120 days after the will is admitted to probate"]; *Estate of Horn* (1990) 219 Cal.App.3d 67, 72 ["[t]he date on which the will is admitted to probate serves as the bright line for the commencement of the 120-day period within which a postprobate contest can be filed"].)

Section 8007 sets forth two exceptions to the 120-day limitations period for contesting the admission of a will to probate. It states, in pertinent part, that a final order admitting a will to probate "is a conclusive determination of the jurisdiction of the court and cannot be collaterally attacked," except "in either of the following cases: [¶] (1) The presence of extrinsic fraud in the procurement of the court order. [¶] (2) The court order is based on the erroneous determination of the decedent's death." (§ 8007.) In the case of fraud, "[t]he courts have required a showing of extrinsic fraud in order to accommodate both the policy in favor of resolving issues in a final judgment and the policy in favor of a fair adversary proceeding in which each party is provided an opportunity to fully present its case." (*Estate of Sanders*, *supra*, 40 Cal.3d at p. 614.)

"Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. [Citation.] . . . The essence of extrinsic fraud is one party's preventing the other from having his day in court." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067.) "By contrast, fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary but has unreasonably neglected to do so. [Citation.]" (*Ibid.*)

4

Under section 11700, any person claiming to be a beneficiary or otherwise entitled to distribution of a share of a decedent's estate may petition the court for a determination of the persons entitled to distribution. (§ 11700.) The sole purpose of a section 11700 proceeding is for the court to interpret the provisions of a will and to decide who is entitled to distribution under the will. Therefore, in ruling on a petition to determine distribution rights, the court may not decide issues of due execution or validity of the decedent's will, but rather is bound by the prior order admitting the will to probate. (*Estate of Neubauer* (1958) 49 Cal.2d 740, 748 [where a will was admitted to probate and the time for contest had lapsed, "the court was limited to an interpretation and construction of the terms of the will as admitted to probate"]; *Estate of Caruch* (1956) 139 Cal.App.2d 178, 187 ["the due execution and validity of the will are determined at the time the will is admitted to probate," and if no contest is filed within the 120-day statutory period, "those determinations are final and conclusive"].)

## II. The Record On Appeal Is Inadequate To Review The Alleged Error

A fundamental rule of appellate review is that an appealed judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . . [Citations.]'" (*Ibid.*; see also *Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].) To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm. (*Ibid.*; see also *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [failure to provide an accurate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination"].)

5

In this case, Bagby did not provide an adequate record on appeal. In filing his notice of appeal and designating the appellate record, Bagby elected to proceed without any transcript of the oral proceedings. The only record of the September 17, 2012 hearing on Respondents' section 11700 petition are the trial court's minute order from the hearing and its subsequent written order granting the petition. Neither order, however, makes any reference to the objections filed by Bagby or to any ruling by the trial court on those objections. In the absence of a reporter's transcript, the record is silent as to whether the trial court considered the objections prior to ruling on Respondents' petition, and if so, made any determination as to the timeliness of the objections or the merits of Bagby's claims. Under these circumstances, we cannot conduct a meaningful review of the September 17, 2012 hearing or any order resulting from that hearing. Rather, we must presume the trial court's order granting Respondents' petition and directing the public administrator to distribute Marbaix's estate pursuant to the 2006 will was correct.

### III.    In Any Event, Bagby's Claim Is Time-Barred

Even if we assume the trial court overruled the objections on the ground that they were not timely filed, as Respondents suggest, Bagby has failed to demonstrate any error. The record on appeal reflects that the 2006 will was admitted to probate on October 14, 2011. Bagby thus had until February 11, 2012 -- 120 days after the admission of the will to probate -- to file a petition to revoke the probate of the 2006 will. However, Bagby did not file his objections to the probate of the 2006 will until July 19, 2012, more than five months after the statute of limitations had expired.

Bagby asserts in his reply brief that his claim should not be barred by the statute of limitations because he can make a showing of extrinsic fraud or mistake under section 8007. In support of this argument, Bagby contends that, during the 120-day limitations period, he was serving in Iraq where he lacked regular contact with Marbaix's family and friends and had no feasible way to learn about her death. Bagby also claims that his inability to readily access a computer or the internet while he was in Iraq precluded him

6

from filing any challenge to the 2006 will prior to the statute of limitations expiring. This argument, however, suffers from several flaws.

First, there is nothing in the record to suggest that Bagby ever submitted any of these alleged facts to the trial court. In his written objections, Bagby did not make any reference to his service in Iraq or otherwise explain why he was unable to timely receive notice of Marbaix's death or the probate proceedings. Rather, Bagby merely stated in his objections that he recently had learned of Marbaix's death and had never been contacted by anyone regarding this matter.

Second, Bagby's claim that he was in Iraq during the 120-day limitations period is factually inconsistent with his claim that he returned from Iraq in November 2011. If Bagby returned from Iraq in November 2011, as he specifically asserts, then he would have had more than two months to learn of Marbaix's death and to file a petition to revoke the probate of the 2006 will before the statute of limitations expired in February 2012. Bagby did not file his objections, however, until July 2012.

Finally, none of the facts alleged by Bagby support a finding of extrinsic fraud. While Bagby asserted in his objections that he was never contacted about this matter, there is no evidence that the public administrator failed to follow the proper notice procedures in filing the petition for probate, or that any party fraudulently prevented Bagby from participating in the probate proceedings. Because Bagby failed make a showing of extrinsic fraud under section 8007, he was precluded from collaterally attacking the validity of the 2006 will by filing untimely objections in response to the section 11700 petition.

In sum, Bagby's claim that the 2006 will previously admitted to probate was revoked by a 2009 will was time-barred by section 8270. The order granting Respondents' section 11700 petition must therefore be affirmed.

**DISPOSITION**

The trial court's September 21, 2012 order granting Respondents' section 11700 petition is affirmed.  Respondents shall recover their costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.